# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**ANDREA H. YANOPOULOS,**

    **Plaintiff,**

vs.                              Case No.   1:17cv208-MW/CAS

**NANCY A. BERRYHILL, Deputy
Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner
of Social Security,**[1]

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

As the prevailing party in this case, ECF Nos. 17-18, 20-21, Plaintiff filed a motion requesting an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2] ECF No. 22. Plaintiff's attorney requests payment for 22.40 hours of attorney time at an

---

[1] Defendant's title has changed. *See* https://www.ssa.gov/agency/commissioner.html (last viewed Apr. 18, 2018). Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security shall be substituted as the Defendant in this case.

[2] In Shalala v. Schaefer, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA.
Case No. 1:17cv208-MW/CAS

adjusted rate of $196.79 per hour or $4,408.09, filing fee costs of $400.00, and expenses of $19.77 for service of process, for a total payment of $4,827.86. ECF Nos. 22 at 2 and 22-1. Timesheets reflect the hours spent and the description of services. ECF No. 22-1. It is represented the Deputy Commissioner does not object to the motion. ECF No. 22 at 2-3.

In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically require 25 to 30 hours to complete. *See, e.g.,* Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010), *adopted*, 2010 U.S. Dist. LEXIS 51612 (N.D. Fla. June 10, 2010);[3] *see also* Seamon v. Astrue, No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, at *4 (D. Or. Sept. 18, 2012) (range of 20 to 40 hours).

The hourly rate of $196.79 is reasonable when adjusted for inflation. The total time for which compensation is sought is reasonable.

In accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney. Since the fee was assigned to Plaintiff's attorney, payment of the fee to

---

[3] The Court in Jackson noted that some cases may exceed those parameters. 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010).
Case No. 1:17cv208-MW/CAS

Plaintiff's attorney is authorized so long as Plaintiff has no debt to the United States, and any such debt will be offset before payment.

Accordingly, it is respectfully recommended that Plaintiff's motion, ECF No. 22, be **GRANTED** and Plaintiff awarded attorney's fees in the amount of $4,408.09 as a reasonable EAJA attorney's fee, $400.00 for the filing fee, and $19.77 for service of process fees, for a total payment of $4,827.86. The amount should be sent to Plaintiff's counsel's address and made payable to Plaintiff. However, the Deputy Commissioner may offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with Astrue v. Ratliff.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2018.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate**

**judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. R. 3-1; 28 U.S.C. § 636.**